UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ADRIAN RAND ROBISON,<br><br>Defendant. | Case No. CR-13-118-E-BLW<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

This matter having come before the Court on Plaintiff's Motion for Preliminary Order of Forfeiture (ECF No. 17), and as a result of the guilty plea to Count One of the Information, for which the Government sought forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(7), and 28 U.S.C. § 2461(c), the defendant shall forfeit to the United States all property constituting or derived from proceeds the defendant obtained directly or indirectly as a result of the violation of 18 U.S.C. § 1341.

The Court has determined, based on the defendant's Rule 11 Plea Agreement (ECF No. 2), and the factual basis set out therein, that the property and property

PRELIMINARY ORDER OF FORFEITURE - 1

interests set out below are subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(7), and 28 U.S.C. § 2461(c), and that the government has established that the amount of $448,137 constitutes proceeds of the violations and is therefore subject to forfeiture.

The Court further finds that the above-described property was property which was involved in violations of 18 U.S.C. § 1341.

NOW, THEREFORE IT IS HEREBY ORDERED, that that the United States' Motion for Preliminary Order of Forfeiture (docket no. 17) is GRANTED and the following property be and is hereby forfeited pursuant to law:

A.  <u>Cash Proceeds</u>:  The sum of $448,137 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property which constituted proceeds of the offenses of conviction, and was subsequently expended, spent, distributed or otherwise disposed of by the defendant.

B.  <u>Substitute Assets</u>:  Upon a showing that any of the properties and interests described above as being subject to forfeiture, as a result of any action or omission of the defendant above named:

    1.  Cannot be located upon the exercise of due diligence;

    2.  Has been transferred or sold to, or deposited with, a third person;

PRELIMINARY ORDER OF FORFEITURE - 2

      3.      Has been placed beyond the jurisdiction of the court;

      4.      Has been substantially diminished in value; or

      5.      Has been commingled with other property which cannot be subdivided without difficulty; the United States shall be authorized, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of the said defendant up to the value of the forfeitable properties and interest herein.

Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall be and hereby is final as to the defendant and shall be made part of the sentence and included in the judgment at the time of sentencing.

This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

DATED: August 30, 2013

_____
B. Lynn Winmill
Chief Judge
United States District Court

PRELIMINARY ORDER OF FORFEITURE - 3