UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ADRIAN RAND ROBISON,<br><br>    Defendant. | Case No. 4:13-CR-118-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it defendant Robison's petition to quash or stay a writ of execution. The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

Defendant Robison seeks to quash or stay a writ of execution issued by the Court authorizing the Government to seize Robison's $900,000 account with Sage Financial to pay his restitution in this case. He argues that the Government is precluded from seizing his assets because he is complying with the monthly payment plan imposed during sentencing.

Robison pled guilty to a charge of mail fraud and was sentenced on October 24, 2013. The Court imposed jail time of 4 months, a fine of $20,000, and restitution in the amount of $1,371,634. *See Amended Judgment (Dkt. No. 43).* Regarding the payment of those sums, the Amended Judgment ordered as follows:

**Memorandum Decision & Order – page 1**

> The defendant shall pay any special assessment or other financial obligation that is imposed by the judgment and that remains unpaid at the commencement of the term of supervised release to the Clerk of the Court. The defendant shall submit nominal and monthly payments of 10% of his gross income, but not less than $25 per month, during the term of supervised release. This payment schedule will remain in effect unless further reviewed by the Court. A review may take place at any time and will be based upon a change in the defendant's financial circumstances.

*See Amended Judgment, supra,* at p. 7. Robison was released from jail on March 12, 2014, and is currently on supervised release. He has made payments of about $1,000 toward the restitution and fine.

On July 22, 2014, the Government filed an application for a Writ of Execution to seize Robison's retirement account with Sage Financial in the sum of $900,000. This was the account that Robison had told the Probation Officer he would use to pay his restitution. The Probation Officer recounted Robison's representation in the Presentence Report:

> The defendant advised he would satisfy restitution in its entirety by liquidating a retirement account with an estimated value of $900,000. He stated he would liquidate additional accounts if the retirement account does not provide sufficient funds.

*See Presentence Report (Dkt. No. 27)* at p. 9. The Court entered the Writ of Execution prompting Robison to file his petition to quash or stay the Writ.

## **ANALYSIS**

Robison argues that the Amended Judgment set up the exclusive plan for repayment. Under Robison's reading of the Amended Judgment language (quoted above), he could not be required to pay anything in addition to the monthly payments set forth there unless there was a Court review based upon a change to his financial

**Memorandum Decision & Order – page 2**

circumstances. He argues that because there has been no such change – and no Court review based upon such change – the Government cannot take any collection action such as seizing his Sage Financial retirement account.

A similar argument was rejected by this Court in *U.S. v. Kuehler,* 2006 WL 2981831 (D.Id. 2006). There, the Court held that "any schedule established by a court for payment of restitution does not prevent the United States from levying on a defendant's property to satisfy the order of restitution." *Id.* at *2.

In crafting the sentence in the present case, the Court relied upon Robison's statements to the Probation Officer, quoted above, that he intended to use his $900,000 retirement account to pay the restitution. That account is the focus of the Writ of Execution. On the other hand, the monthly payment plan, even if followed strictly for decades, would hardly make a dent in Robison's debt. It was simply a minimum payment amount, never intended to bar other collection efforts or other repayment methods, such as Robison's own plan to use his retirement account to pay the debt.

For all of these reasons, Robison's motion shall be denied.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the petition to quash or stay (docket no. 48) is DENIED.



DATED: November 7, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court