UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ADRIAN RAND ROBISON,<br><br>    Defendant. | Case No. 4:13-CR-118-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion regarding restitution filed by defendant Robison. For the reasons explained below, the Court will deny the motion.

## ANALYSIS

Robison was sentenced by this Court in 2013 to pay $1,371,634, in restitution and serve four years in prison. More than a year later, Robison filed the present motion asking the Court to reduce his restitution payment to $448,137.

Robison's sentence resulted from his plea of guilty to a scheme in which he persuaded clients to take out life insurance policies by promising to rebate to them a portion of the commissions the insurance companies paid to him. The scheme involved nine insurance policies for which Robison was paid $1,371,634 in commissions. Of that sum, Robison kept $448,137 and rebated $923,497 to his clients. At the 2013 sentencing, the Court ordered Robison to pay the entire $1,371,634 in restitution.

Robison now claims that ruling was incorrect. Robison argues that his clients used the rebated sums – $923,497 – to pay premiums owed for the first year to the insurance companies. He argues that because the insurance companies have already received $923,497 of the $1,371,634 they paid to Robison, they are only entitled to a return of the $448,137 Robison kept for himself. "If the Court were to order otherwise," Robison argues, "the insurance companies will not only receive the entire $1,371,634 involved in this case, which would make them whole, but they would also gain an additional $923,497 windfall." *See Robison Reply Brief (Dkt. No. 63)* at p. 2.

Robison does not explain why he did not make this argument at his sentencing. Indeed, there is nothing about the argument indicting that it would have been unavailable to him at that time. Instead, Robison waited more than a year to file the present motion asking the Court to reduce his restitution payment. Rule 35(a) requires that such a motion to correct a sentence must be filed "[w]ithin 14 days after sentencing." That fourteen-day period "is jurisdictional and a district court cannot adjust a sentence outside of the fourteen-day window . . . ." *U.S. v. JDT,* 762 F.3d 984, 1005 (9th Cir. 2014). When a motion to adjust restitution could have been made at the sentencing but was not raised until years later, the motion was barred by Rule 35(a)'s jurisdictional limit. *U.S. v. Loglia,* 2014 WL 936992 at *6 (D.Nev. March 10, 2014).

For these reasons, the Court will deny the motion.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion regarding restitution (docket no. 60) is DENIED.

DATED: January 5, 2016

B. Lynn Winmill
Chief Judge
United States District Court

**Memorandum Decision & Order – page 3**